**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 22186.**

United States Court of Appeals District of Columbia Circuit.

Argued June 13, 1969.

Decided Nov. 5, 1969.

Mr. Elliott C. Lichtman, Washington, D. C., with whom Messrs. Joseph L. Rauh, Jr., John Silard, Washington, D. C., Stephen. I. Schlossberg, Detroit, Mich., and George Kaufmann, Washington, D. C., were on the brief, for petitioner.

Mr. Roger L. Sabo, Attorney, National Labor Relations Board, with whom

Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Herman M. Levy, Attorney, National Labor Relations Board, were on the brief, for respondent.

Before BAZELON, Chief Judge, and TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

This is a petition to review a Decision and Order of the National Labor Relations Board, 170 N.L.R.B. No. 25, dismissing in its entirety a complaint charging the Gyrodyne Company of Saint James, New York, with various unfair labor practices. We find the record deficient and remand.

Prior to the hearing before the Trial Examiner, the NLRB's General Counsel served Gyrodyne with a subpoena demanding the production, *inter alia*, of certain payroll and personnel records, job descriptions, and the names of all persons hired or rehired during the year of the alleged unfair labor practices. Gyrodyne's motion to revoke the subpoena was denied, but the Company nevertheless failed to produce the subpoenaed records. During the hearing, the Trial Examiner said that he would draw adverse inferences from Gyrodyne's failure to produce. At a later point, however, he stated: "I make nothing of the fact that the company refused to respond to the subpoena." The Trial Examiner's decision apparently reflects his later view; no adverse inferences were drawn, nor was the matter discussed.

■ If the adverse inferences were not to be drawn, failure to do so should have been explained. But the Board's Decision and Order simply refers to the Trial Examiner's decision, which does not mention the point. It appears that the Board normally takes a dim view not merely of failure to produce relevant documents, e. g., Mid States Sportswear, Inc., 168 N.L.R.B. No. 74 (1967), but even of the failure to call witnesses available to a party to support its contentions. NLRB v. A.P.W. Products Co., 316 F.2d 899, 903–904 (2d Cir. 1963). The subpoenaed material appears clearly relevant, and without guidance from the Board we are not prepared to say that failure to draw the requested inferences was not prejudicial.[1] Accordingly, the case must be remanded to the Board, which may (1) explain its failure to draw the requested inferences, (2) draw the inferences and explain the consequences, or (3) require production of the records.

■ One other matter requires brief discussion here. The Union claims prejudicial error from the Trial Examiner's refusal to admit evidence of Gyrodyne's behavior during an organizational campaign involving another union some 18 months before the charges involved here. Of course the Trial Examiner had discretion to admit the evidence, International Union, United Auto, Aerospace and Agr. Implement Workers of America, AFL-CIO v. NLRB, 124 U.S.App.D.C. 215, 219–220, 363 F.2d 702, 706–707 (1966). He so understood, and after hearing all the evidence in the case repeated his conclusion that the excluded material was too remote in time to influence his decision. We cannot hold that his decision was improper.

The case must be remanded to the Board for proceedings consistent with this opinion.

So ordered.

[1]. Payroll and personnel records were sought to show the reason for discharges alleged to be discriminatory; job descriptions were relevant to show whether certain employees were, as alleged, supervisors; and the list of persons hired or rehired could have shown whether employees that Gyrodyne claimed had not been replaced had been replaced.